IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LUCKIE L. RODENHURST and       )       CIVIL NO. 10-00167 LEK-BMK
ROXANNE CRAIG-RODENHURST,,      )
                                )
          Plaintiffs,           )
                                )
     vs.                        )
                                )
BANK OF AMERICA FKA             )
COUNTRYWIDE HOMES LOANS,        )
INC., BAC HOME LOANS            )
SERVICING, LP, MORTGAGE         )
ELECTRONIC REGISTRATION         )
SYSTEMS, INC., and DOES 1       )
through 20 inclusive,,          )
                                )
          Defendants.           )
_____ )

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT BANK OF AMERICA CORPORATION'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Before the Court is Defendant Bank of America
Corporation's ("Defendant BofA") Motion to Dismiss Plaintiff's
First Amended Complaint ("Motion"), filed on December 13, 2010.
Plaintiffs Luckie L. Rodenhurst and Roxanne Craig-Rodenhurst
(collectively "Plaintiffs") filed their memorandum in opposition
on January 14, 2011, and Defendant BofA filed its reply on
January 19, 2011.  This matter came on for hearing on February 2,
2011.  Appearing on behalf of Defendant BofA was Patricia
McHenry, Esq., and appearing on behalf of Plaintiffs was Robin
Horner, Esq.  After careful consideration of the Motion,
supporting and opposing memoranda, and the arguments of counsel,
Defendant BofA's Motion is HEREBY GRANTED IN PART AND DENIED IN

PART for the reasons set forth below.

**BACKGROUND**

## I.   **Statement of the Facts**

Plaintiffs entered into a loan transaction with Defendant Countrywide Home Loans, Inc. ("Countrywide") to refinance a loan on their property located at 46-263 Auna Street, Kaneohe, Hawai'i ("Property").  The Property was Plaintiffs' principal dwelling.  Plaintiffs executed a promissory note dated March 23, 2007, secured by a mortgage on the Property recorded on April 27, 2007 in the Hawai'i Bureau of Conveyances as Document Number 2007-075933.  Plaintiffs claim that they signed the loan agreement without an explanation of its terms or an opportunity to review the documents.  They also claim that they signed the loan agreement in the absence of a public notary.  [First Amended Complaint at ¶¶ 13-16.]  With respect to this transaction, Plaintiffs claim that they were neither advised of their right to cancel the transaction nor provided with two fully executed copies of the Notice of the Right to Cancel.  Further, Plaintiffs allege that they were not presented with a written "Truth-in-Lending Disclosure Statement" containing the disclosures outlined in 12 C.F.R. § 226.18.  [Id. at ¶¶ 17-18.]

Plaintiffs made a request for rescission of their loan by way of letter dated May 2, 2010 sent to Defendant HSBC Bank USA, N.A. ("Defendant HSBC"), a purported assignee of the loan

transaction.[1]  As of June 9, 2010, none of the named defendants
have returned to Plaintiffs any money paid in connection with the
loan transaction or taken any action to terminate the loan's
security interest.  [Id. ¶ 19.]

On June 15, 2010, the Property was sold at a
foreclosure auction.  As of July 1, 2010, Defendant HSBC owned
the Property.  [Motion, Decl. of Amanda M. Jones ("Jones Decl."),
Exh. B, at 2-3.]

Plaintiffs state that Countrywide is "now known as Bank
of America."  [First Amended Complaint at ¶ 13.]  According to
Defendant BofA, this statement is "the only apparent basis for
which Plaintiffs have sued Bank of America."  [Mem. in Supp. of
Motion at 1.]

## II.  Procedural Background

On March 23, 2010, Plaintiffs filed a complaint against
Defendants BofA, HSBC, BAC Home Loans Services, LP, and Mortgage
Electronic Registration Systems, Inc.  On June 14, 2010,
Plaintiffs filed a First Amended Complaint omitting the latter
two defendants.  [Dkt. no. 5.]  The First Amended Complaint

_____

[1] Plaintiffs make inconsistent allegations regarding the
role of Defendant HSBC.  They first claim that "Defendant HSBC,
as assignee, of this loan transaction is subject to the same
claims and defenses that can be asserted against BofA . . . ."
[First Amended Complaint at ¶¶ 58, 60.]  They later argue,
however, that "Defendant HSBC has not provided this Honorable
Court any evidence of a valid assignment from anyone, that
properly authorizes said Defendant to move to foreclose against
Plaintiffs."  [Id. at ¶ 82.]  The Court need not address these
inconsistencies at this time, as they are not dispositive of the
matters raised by Defendant BofA's Motion.

asserts ten causes of action.  Counts I and II assert claims
under the Truth in Lending Act, 15 U.S.C. § 1601 et seq.
("TILA").  [First Amended Complaint at ¶¶ 22-42.]  Count III
asserts a violation of the Real Estate Settlement Procedures Act,
12 U.S.C. § 2601 et seq. ("RESPA").  [Id. at ¶¶ 43-46.]  Count IV
asserts a state law claim for unfair or deceptive acts or
practices ("UDAP").  [Id. at ¶¶ 47-58.]  Count V asserts a claim
for fraud.  [Id. at ¶¶ 59-68.]  Count VI asserts a "civil
conspiracy" claim.  [Id. at ¶¶ 69-73.]  Count VII asserts an
"aiding and abetting" claim.  [Id. at ¶¶ 74-78.]  Count VIII
seeks injunctive relief from Defendant HSBC and Doe Defendants,
but does not state a claim against Defendant BofA.  [Id. at
¶¶ 79-87.]  Count IX asserts a claim entitled "Improper
Restrictions Resulting from Securitization Leaves Note and
Mortgage Unenforceable."  [Id. at ¶¶ 88-95.]  Count X is labeled
"Wrongful Conversion of Note - Mortgagor Never Consented to
Securitization."  [Id. at ¶¶ 96-102.]  Count VIII is the only
count not challenged in Defendant BofA's motion to dismiss.
[Mem. in Supp. of Motion at 24 n.10; Reply at 8.]


III. **Motion to Dismiss**

        On December 13, 2010, Defendant BofA filed the instant
Motion.  Defendant BofA asks the Court to dismiss all claims
against it with prejudice.  Briefly, the Motion argues, *inter
alia,* that: (1) Counts I and II are barred because the Property

4

has been sold, no timely request for rescission was made, and because damages are not available; (2) Count III fails to state a claim because there is no private cause of action under RESPA; (3) Count IV fails to state a UDAP claim against Defendant BofA because it was not the originating lender; (4) Count V does not plead fraud with particularity as required by Federal Rules of Civil Procedure Rule 9; (5) Counts VI and VII are unsupported derivative claims; and (6) Counts IX and X relating to securitization do not state cognizable legal claims.

## IV.  **Memorandum in Opposition**

Plaintiffs make three general arguments in their memorandum in opposition to the Motion.  First, Plaintiffs claim without further explanation that Defendant BofA "lacks any right, standing, or interest" to challenge the TILA claims (Counts I and II) and RESPA claim (Count III).  [Mem. in Opp. at 3.]  With regard to Counts I and II, Plaintiffs identify Defendant HSBC as having failed to provide the timely TILA disclosures.  They claim that, due to this failure, Defendant HSBC did not have the right to foreclose the Property.  With respect to Count III, Plaintiffs only state that the RESPA claim "appears to seek damages for the failure to properly disclose closing costs and fees associated with the originating loan."  [Id. at 2-3.]

Second, Plaintiffs argue that Defendant BofA is liable under Counts IV through VII because of its status as "the successor of the originating lender or the alter ego."  [Id. at 4.]  In support of this argument, Plaintiffs refer to the "Notice

of Mortgagee's Intention to Foreclose Under Power of Sale,"[2]
which identifies Defendant HSBC's address as "C/O Bank of America
fka Countrywide Home Loans, Inc."  [Id. at 4; Horner Decl., Exh.
A, at 2.]  Plaintiffs assert that the facts alleged in Counts IV
through VII are sufficient to survive Defendant BofA's Motion.
In the alternative, they request that current counsel be granted
leave to file a Second Amended Complaint to revise those counts.
[Id. at 6.]

        Third, Plaintiffs concede that Counts IX and X are
insufficiently pled.  Plaintiffs note that these counts fail "to
give notice to opposing counsel of the claims being asserted."
[Id. at 5.]  As a result, Plaintiffs' current counsel "requests
leave of court and reasonable time to have a securitization audit
performed."[3]  [Id.]  Plaintiffs' current counsel anticipates that
the audit will establish "that HSBC lacked standing to foreclose
on the Plaintiffs' property that is the subject of this action."
[Id.]

**V.   <u>Reply Memorandum</u>**

        Defendant BofA argues in reply that Plaintiffs'
memorandum in opposition "utterly fails to address the issues

---

[2] This foreclosure notice is attached to Plaintiffs'
memorandum in opposition as Exhibit A to the Declaration of Robin
Horner ("Horner Decl.").

[3] On September 10, 2010, Plaintiffs' attorneys Keoni K.
Agard and Dexter K. Kaiama filed a motion to withdraw as counsel.
[Dkt no. 12.]  On September 29, 2010, the Court held a hearing on
the matter and denied counsels' motion.  On November 23, 2010,
the Court approved a withdrawal and substitution of counsel.
[Dkt. no. 24.]

6

raised in [BofA's] motion." [Reply at 1.]  For the reasons
outlined below, Defendant BofA requests that Counts I, II, III,
IV, V, VI, VII, IX and X be dismissed with prejudice.

First, Defendant BofA argues that Plaintiffs'
memorandum in opposition "was not timely filed [and] was not
served on [BofA's] counsel on the date stated on Plaintiffs'
certificate of service . . . ."  [<u>Id.</u>]  Defendant BofA explains
that Plaintiffs' memorandum in opposition filed on January 14,
2011 was three days after the January 11, 2011 deadline.  [<u>Id.</u>
(citing Local Rule LR7.4).[4]]  Defendant BofA then claims that
Plaintiffs did not properly serve their memorandum in opposition.
Although Plaintiffs' certificate of service states that the
memorandum in opposition was served by "Hand Delivery or by
depositing the same in the U.S. Mail," Defendant BofA asserts
that it was not actually served until the afternoon of
January 18, 2011.  Furthermore, Defendant BofA claims that it did
not receive electronic notice of the filing until the morning of
January 19, 2011.  [<u>Id.</u> at 2.]

Second, Defendant BofA argues that Plaintiffs failed to
address the deficiencies in Counts I, II and III of the First
Amended Complaint in their memorandum in opposition.  With
respect to Count I, which seeks rescission and recoupment under
TILA, Defendant BofA contends that Plaintiffs neglected to
respond to its arguments regarding time bar, unavailability of

---

[4] Local Rule 7.4 requires that a reply brief in support of a
motion set for hearing be filed not less than fourteen days
before the date of the hearing.

7

rescission, and the inability to use recoupment as an affirmative claim. With regard to Count II, Defendant BofA claims that Plaintiffs failed to address its argument that damages are unavailable for a failure to permit rescission where rescission was not timely requested. Finally, with respect to Count III (RESPA claim), Defendant BofA contends that Plaintiffs failed to respond to the argument that there is no private cause of action for violations of § 2604. Defendant BofA notes, furthermore, that Plaintiffs have not articulated any other basis for relief under RESPA. [Id. at 2-4.]

Third, Defendant BofA argues that its status as a purported assignee does not make it liable for the alleged torts of its predecessor. [Id. at 7.] Defendant BofA claims that Plaintiffs' characterizations of it as the "successor" or "alter ego" of the originating lender are unfounded given Plaintiffs' evidence: a single foreclosure notice recorded by Defendant HSBC identifying its address as "C/O Bank of America fka Countrywide Home Loans, Inc." [Id. at 4.]

Defendant BofA argues that, even if BofA is the successor of the originating lender, that determination is insufficient to hold the bank liable for the unfair or deceptive acts and practices, fraud, conspiracy, and aiding and abetting charges. [Id. at 5-7.] According to Defendant BofA, the UDAP allegations suffer from a causation problem: "the plaintiff can only recover damages from the individual or entity whose unlawful conduct caused the injury — not from alleged assignees." [Id. at

8

5.]  Defendant BofA claims that the fraud allegations fail for

similar reasons.  [<u>Id.</u> at 6.]  With regard to the conspiracy and

aiding and abetting counts, Defendant BofA argues that Plaintiffs

must prove that the defendants had "criminal or unlawful purposes

. . . or means" for the former claim, and "participation in a

wrongful act" for the latter one.  [<u>Id.</u> at 7.]

Finally, Defendant BofA asks the Court to dismiss

Counts IX and X with prejudice.  In support of this request,

Defendant BofA cites Plaintiffs' admissions in their memorandum

in opposition that the securitization claims were insufficiently

pled.  [<u>Id.</u> at 8.]

**STANDARDS**

**I.    <u>Federal Rule of Civil Procedure 12(b)(6)</u>**

Federal Rule of Civil Procedure 12(b)(6) permits a

motion to dismiss a claim for "failure to state a claim upon

which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  <u>Ashcroft v.</u>

<u>Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp.</u>

<u>v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see also</u> <u>Weber v. Dep't of</u>

<u>Veterans Affairs</u>, 521 F.3d 1061, 1065 (9th Cir. 2008).  This

tenet – that the court must accept as true all of the allegations

contained in the complaint – "is inapplicable to legal

conclusions."  <u>Iqbal</u>, 129 S. Ct. at 1949.  Accordingly,

"[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." _Id._ (citing _Twombly_, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." _Id._ (citing _Twombly_, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. _Id._ at 1950.

"Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." _Harris v. Amgen, Inc._, 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted). "But courts have discretion to deny leave to amend a complaint for futility[.]" _Johnson v. American Airlines, Inc._, 834 F.2d 721, 724 (9th Cir. 1987) (citation and quotation marks omitted).

## II.  Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Rule 9(b) requires particularized allegations of the circumstances _constituting_ fraud." _In re GlenFed, Inc. Sec. Litig._, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc) (emphasis in original), _superseded on other grounds by_ 15 U.S.C. § 78u-4.

In their pleadings, Plaintiffs must include the time, place, and nature of the alleged fraud; mere conclusory

allegations of fraud are insufficient to satisfy this requirement. <u>See</u> <u>id.</u> (citation and quotation marks omitted). "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b); <u>see also</u> <u>In re GlenFed, Inc.</u>, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); <u>Walling v. Beverly Enter.</u>, 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6). <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

When there are multiple defendants,

Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in fraud. . . . In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.

Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007)

(internal quotation marks and citations omitted); see also

Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC, 404 F.

Supp. 2d 1214, 1226 (E.D. Cal. 2005) ("When fraud claims involve

multiple defendants, the complaint must satisfy Rule 9(b)

particularity requirements for each defendant.").

## DISCUSSION

As a preliminary matter, the Court acknowledges that

Plaintiffs filed their Memorandum in Opposition three days late

without leave of Court, and did not serve it upon Defendant BofA

until January 18, 2011.  Defendant BofA, without leave of Court,

filed its Reply one day after the January 18, 2011 deadline.  The

Court excuses the late filings related to the instant Motion, but

cautions the parties in the future to file a Motion for Extension

of Time pursuant to Local Rule 6.2, rather than filing late

pleadings without leave of this Court.

Defendant BofA seeks dismissal of nine of ten Counts of

the Complaint for failure to state a claim upon which relief can

be granted.[5]  In opposition, Plaintiff concedes that Counts IX

and X are not stated with sufficient specificity, and requests

leave of court to amend and reasonable time to have a

securitization audit performed.  Plaintiffs contend, however,

that their other claims state causes of action.  The Court

addresses the Counts of the Complaint in turn.

---

[5] Count VIII seeks injunctive relief from Defendant HSBC and
is not addressed in Defendant BofA's Motion.

## I.    **Counts I and II: TILA**

Plaintiffs allege in Count I that they are entitled to rescission and recoupment because Defendant BofA failed to provide full disclosure of the mortgage and note documents. [First Amended Complaint at ¶¶ 22-39.]   Specifically, Plaintiffs claim that "BofA failed to deliver to each of the Plaintiff's [sic] two copies of the notice of the right to rescind as required by 15 U.S.C. § 1635(s) and 12 C.F.R. § 226.23(a)(3)." [Id. at ¶ 6.]   In Count II, Plaintiffs allege that they are entitled to damages because Defendant BofA failed to allow them to rescind the loan agreement.   [Id. at ¶¶ 40-42 (citing § 1635(b) and § 226.23(d)(2)).]

### A.    **Count I: Rescission and Recoupment**

Count I seeks rescission pursuant to TILA, but any claim for rescission is time-barred because (1) the alleged violations occurred more than three years before this action was filed, and (2) because the Property has been sold.

In its entirety, 15 U.S.C. § 1635(f) provides:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the

13

> obligor's right to rescind is based in whole or in
> part on any matter involved in such proceeding,
> then the obligor's right of rescission shall
> expire three years after the date of consummation
> of the transaction or upon the earlier sale of the
> property, or upon the expiration of one year
> following the conclusion of the proceeding, or any
> judicial review or period for judicial review
> thereof, whichever is later.

15 U.S.C. § 1635(f); see also 12 C.F.R. § 226.23(a)(3) ("[T]he right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.").

Plaintiffs here executed the applicable loan documents on March 23, 2007, but sought rescission on May 2, 2010 – more than three years after the consummation of the transaction. [First Amended Complaint ¶¶ 14-15, 19.] "[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002). Accordingly, because Plaintiffs' right to rescind expired before Plaintiffs sent rescission requests or filed the instant Complaint, Plaintiffs' rescission claim under TILA is untimely.

Nor are the allegations here sufficient to satisfy equitable tolling. The First Amended Complaint pleads no facts indicating Defendant BofA prevented Plaintiffs from discovering the alleged TILA violations or caused Plaintiffs to allow the filing deadline to pass. See, e.g., O'Donnell v. Vencor Inc., 466 F.3d 1104, 1112 (9th Cir. 2006) ("Equitable tolling is

14

generally applied in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." (citation and quotation marks omitted)); see also Araki v. One West Bank FSB, Civ. No. 10-00103 JMS/KSC, 2010 WL 5625969, at *6-7 (D. Hawai'i Sept. 8, 2010).

Finally, rescission is no longer possible because the Property has been sold. See 15 U.S.C. § 1635(f); see also 12 C.F.R. § 226.23(a)(3). Even an involuntary sale of the subject property terminates a borrower's right to rescind. According to the Official Staff Commentary to Regulation Z, "[a] sale or transfer of the property need not be voluntary to terminate the right to rescind. For example, a foreclosure sale would terminate an unexpired right to rescind." Official Staff Commentary to Reg. Z, 12 C.F.R. § 226.23(a)(3). Plaintiffs, therefore, fail to state a claim for rescission under TILA.

To the extent Count I seeks recoupment, that claim also fails. This Court agrees with other decisions from this district holding that parties such as Plaintiffs may not bring a recoupment claim because "[n]on-judicial foreclosures in Hawaii are not 'actions to collect the debt' for purposes of recoupment under § 1640(e)." Araki, 2010 WL 5625969, at *6.

Section 1640(e) provides in pertinent part:

This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more

15

> than one year from the date of the occurrence of
> the violation <u>as a matter of defense by recoupment</u>
> or set-off in such action, except as otherwise
> provided by State law.

(Emphases added.)

This section makes recoupment available as a <u>defense</u> in an "action to collect the debt." To support a recoupment claim, a plaintiff must show that "(1) the TILA violation and the debt are products of the same transaction, (2) the debtor asserts the claim as a defense, and (3) the main action is timely." <u>Moor v. Travelers Ins. Co.,</u> 784 F.2d 632, 634 (5th Cir. 1986) (internal citations omitted).

A non-judicial foreclosure action is not an "action to collect a debt." <u>Ortiz v. Accredited Home Lenders, Inc.,</u> 639 F. Supp. 2d 1159, 1164 (S.D. Cal. 2009). <u>Ortiz</u> explains that non-judicial foreclosures are by definition matters of contract and are not court "actions" at all. <u>Id.</u> at 1165. In fact, "[section] 1640(e) itself defines an 'action' as a court proceeding." <u>Id.</u> Hawaii's non-judicial foreclosure statute – like that analyzed in <u>Ortiz</u> - also has no court involvement. <u>See</u> Haw. Rev. Stat. § 667-5 <u>et seq.</u>; <u>see also</u> <u>Apao v. Bank of N.Y.,</u> 324 F.3d 1091, 1093-95 (9th Cir. 2003) (reasoning that Hawaii's non-judicial foreclosure procedure is a purely private remedy involving no state action).

Further, recoupment is a defense to an action, and not an affirmative claim. <u>See</u> <u>City of St. Paul, Alaska v. Evans,</u> 344 F.3d 1029, 1034 (9th Cir. 2003). In sum, the Court concludes

16

that non-judicial foreclosures in Hawai'i are not "actions to collect the debt" for purposes of recoupment under § 1640(e), therefore, Plaintiff cannot maintain a claim for recoupment.

The Court GRANTS Defendant BofA's Motion as to Count I. The Court finds that Count I fails to state a claim against Defendant BofA and that amendment would be futile. Accordingly, Count I is dismissed with prejudice.

**B.    Count II: Damages**

Count II seeks damages for violations of TILA, including BofA's failure to allow rescission. [First Amended Complaint ¶ 41.] Plaintiffs, however, cannot obtain damages for a failure to rescind because, given the previous analysis, Plaintiffs no longer had a right to rescind in 2010 when the request was made. BofA could not be liable for failing to rescind when there was no such right. See Miguel, 309 F.3d at 1165 (holding that because "[borrower] did not provide the Bank with notice of cancellation within the three-year statutory period . . . the Bank could not have wrongly refused [borrower's] request to cancel").

The Court GRANTS Defendant BofA's Motion as to Count II. The Court finds that Count II fails to state a claim against Defendant BofA and that amendment would be futile. Accordingly, Count II is dismissed with prejudice.

**II.    Count III: RESPA**

Plaintiffs allege that Defendant BofA violated RESPA by failing to provide Plaintiffs with a timely good faith estimate

17

of the amount or range of charges for specific settlement services that they were likely to incur in connection with a settlement.  [First Amended Complaint at ¶¶ 43-45 (citing 12 U.S.C. § 2604(c)).]  Plaintiffs further allege that Defendant BofA failed to provide them with a timely good faith disclosure under 24 C.F.R. § 3500.7(b), which provides that, with limited exceptions, the lender or mortgage broker must provide such an estimate "not later than 3 business days after a mortgage broker receives either an application or information sufficient to complete an application."  [First Amended Complaint at ¶ 46.]

It is well-established, however, that there is no private cause of action for violations of 12 U.S.C. §§ 2603 or 2604.  See, e.g., Martinez v. Wells Fargo Home Mortg., Inc., 598 F.3d 549, 557 (9th Cir. 2010) (stating that 12 U.S.C. § 2603 does not create a private cause of action); Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir. 1997) ("[T]here is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it."); Angel v. BAC Home Loan Servicing, Civ. No. 10-00240 HG/LEK, 2010 WL 4386775, at *7 (D. Hawai'i Oct. 26, 2010) ("It is well-settled that there is no private cause of action for violations of th[is] section[]."). Accordingly, Count III alleging a RESPA violation of 12 U.S.C. §§ 2603 or 2604 fails to state a cognizable claim.

The Court GRANTS Defendant BofA's Motion as to Count III.  The Court finds that Count III fails to state a claim

against Defendant BofA and that amendment would be futile.
Accordingly, Count III is dismissed with prejudice.


III. **Count IV: UDAP**

Plaintiffs claim that Defendant BofA engaged in the following unfair or deceptive acts and practices, in violation of Haw. Rev. Stat. Chapter 480: (1) targeting financially unsophisticated and vulnerable consumers for inappropriate credit products; (2) failing to adequately disclose the true costs and risks of the subject loan; (3) making a refinance loan with little net economic benefit to the borrowers for the primary purpose of securing general fees; (4) making a loan based on the value of the collateral without regard to the borrowers' ability to repay the loan; (5) failing to provide borrowers with a timely good faith estimate; (6) attempting to deprive borrowers of their legal right to cancel the loan; and (7) failing to provide full disclosure of the mortgage and promissory note in violation of TILA.  [First Amended Complaint at ¶ 51.]

Chapter 480 provides for a cause of action against a "person, firm, company, association or corporation" that actually committed an unfair and deceptive trade practice.  Haw. Rev. Stat. § 480-3.1.  Plaintiffs acknowledge that Defendant BofA was not the originating lender.  [First Amended Complaint at ¶ 13.] Defendant BofA, therefore, cannot be liable under Haw. Rev. Stat. § 480-2 for the unfair or deceptive acts and practices that may

have occurred during the consummation of the loan.  Indeed, several district courts have held that banks cannot be held accountable for unfair or deceptive acts and practices based solely on similar allegations, and more specifically, the allegation that BofA is related to or has an alleged parent-subsidiary relationship with Countrywide.  See, e.g., Crawford v. Countrywide Home Loans, Inc., No. 3:09CV247-PPS-CAN, 2010 WL 597942, at *7 (N.D. Ind. Feb. 12, 2010); Jones v. Countrywide Home Loans, Inc., No. 09 C 4313, 2010 WL 551418, at *3 (N.D. Ill. Feb. 11, 2010); Gorham-DiMaggio v. Countrywide Home Loans, Inc., 2009 WL 1748743, at *10 (N.D.N.Y. June 19, 2009) (Observing that "Countrywide Home Loans, Inc., is a wholly owned subsidiary of Countrywide Financial Corporation, which is the wholly owned subsidiary of Bank of America Corporation, all being distinct legal entities.").

        To the extent Plaintiffs argue that BofA is an assignee, their claims fail nonetheless because § 480-2 liability does not attach merely because one is an assignee.  Araki, 2010 WL 5625969, at *8 (explaining that "§ 480-2 liability does not attach merely because one is an assignee").  Cf. Melton v. Family First Mortg. Corp., 576 S.E.2d 365, 369 (N.C. App. 2003) (finding a subsequent mortgage holder/assignee who did not commit improprieties regarding execution of the original mortgage was not liable under North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1).  Whether or not there might be some basis for a § 480-2 claim against Countrywide or

others, the First Amended Complaint fails to state a § 480-2 claim against Defendant BofA.

The Court GRANTS in part and denies in part Defendant BofA's Motion as to Count IV. Count IV is dismissed without prejudice.

## IV.  **Count V: Fraud**

Plaintiffs next claim that Defendant BofA committed fraud, misrepresenting the terms and conditions of the loan. [First Amended Complaint at ¶¶ 59-68.] Specifically, Plaintiffs allege that Defendant BofA falsely represented: (1) the amount of Plaintiffs' income and source of income on the loan application; (2) the nature of the documents Plaintiffs were told to sign in connection with the loan; and (3) the terms of the loan. [Id. at ¶¶ 61-62.] Plaintiffs further allege that Defendants made such misrepresentations with knowledge of their falsity and in contemplation of Plaintiffs' reliance upon them. [Id. at ¶¶ 63-64.]

The Court agrees with Defendant BofA that Count V is insufficiently pled as Plaintiffs' averments of fraud do not satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement. See Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake). Plaintiffs' general averments of alleged fraud fail to identify "the who, what, when, where, and how" of the purported misconduct. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted). The

21

allegations in the First Amended Complaint merely restate the
basic elements of a fraud claim, and fail to assert
"particularized allegations of the circumstances constituting
fraud" such as the time, place, and nature of the alleged fraud,
and how each Defendant participated in the fraud.  See In re
GlenFed, Inc., 42 F.3d at 1547-48.  Indeed, the First Amended
Complaint leaves completely unanswered precisely what actions
each Defendant took that form the basis of a fraud claim.  See
Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th
Cir. 1989) (stating that Rule 9(b) requires a plaintiff to
attribute particular fraudulent statements or acts to individual
defendants).

    Further, the First Amended Complaint fails to allege
grounds for derivative liability against Defendants.  See, e.g.,
Stoudt v. Alta Fin. Mortg., Civ. No. 08-2643, 2009 WL 661924, at
*2 (E.D. Pa. Mar. 10, 2009) (stating that fraud claims are
"inappropriate to assert against an assignee where there are no
allegations that the assignee had any contact with the mortgagor
or made any representations to the mortgagor and the factual
basis for the claims occurred prior to assignment of the mortgage
loan").

    The Court GRANTS in part and denies in part Defendant
BofA's Motion as to Count V.  Count V is dismissed without
prejudice.

**V.    Counts VI (Conspiracy) and VII (Aiding and Abetting)**

Plaintiffs allege in Count VI (civil conspiracy) that Defendant BofA entered into an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. [First Amended Complaint at ¶¶ 69-73.] With respect to the aiding and abetting claim, Count VII, Plaintiffs allege that Defendant BofA and the other defendant banks engaged in wrongful acts, aided each other in wrongful acts, and gave substantial assistance to others engaging in wrongful conduct. [Id. at ¶¶ 74-78.]

Hawai'i does not recognize independent causes of action for "civil conspiracy" or "aiding and abetting." Such theories of potential liability are derivative of other wrongs, see, e.g., Weinberg v. Mauch, 78 Hawai'i 40, 49, 890 P.2d 277, 286 (1995); Chung v. McCabe Hamilton & Renny Co., 109 Hawai'i 520, 530, 128 P.3d 833, 843 (2006), yet as explained above, Plaintiffs failed to state cognizable claims for violation of Haw. Rev. Stat. Chapter 480 or fraud.

Further, to the extent these counts are premised on alleged fraud, Plaintiffs must meet the heightened pleading requirements of Rule 9(b) in alleging a conspiracy. See Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where the object of the conspiracy is fraudulent." (citation and internal quotation marks omitted)). Plaintiffs have failed to do so. For example, there are no facts indicating who at Defendant BofA participated in or agreed to such alleged fraudulent activity, what acts of

Defendant BofA indicated agreement, or how Defendant BofA otherwise participated or conspired with others.   Certainly there are no facts indicating Defendant BofA's participation with particularity.

The Court GRANTS in part and denies in part Defendant BofA's Motion as to Counts VI and VII.   Counts VI and VII are dismissed without prejudice.

## VI.   **Counts IX and X: Securitization Claims**

### A.   **Count IX**

In Count IX ("Improper Restrictions Resulting from Securitization Leaves Note and Mortgage Unenforceable"), Plaintiffs argue that the securitization of their mortgage loan through its placement in a servicing and pooling agreement created unfair restrictions on their ability to modify the loan. [First Amended Complaint at ¶¶ 88-95.]   While not entirely clear, Count IX appears to allege that (1) the mortgage is a security agreement and may not be modified by one party without written consent of the other; and (2) Defendant HSBC and non-party BAC Servicing, Co. unilaterally changed the terms of Plaintiff's mortgage when the mortgage was placed under a servicing and pooling agreement, restricting the ability to change the terms of the mortgage note.   Defendant BofA allegedly impaired transferability of the mortgage and imposed new restrictions upon modification of the mortgage.   [First Amended Complaint at ¶ 92.] Plaintiffs allege that the securitization restricted their ability to lower payments, increase payments, defer payments,

stop payments, or extend the term of their mortgage loan. [Id. at ¶ 93.] Because Plaintiff did not consent to these changes, Count IX asserts that the mortgage and note are unenforceable. [Id. ¶ 94.]

The legal basis of this claim is not clear. Indeed, Plaintiffs' opposition acknowledges that "these counts [d]o not appear to be stated with sufficient specificity as to give notice to opposing counsel of the claims being asserted." [Mem. in Opp. at 5.] Plaintiffs' state:

> Present counsel surmises that the allegations were intended to challenge [the] standing of HSBC to foreclose based on the Pooling and Servicing Agreement and Private Placement Memorandum that were probably prepared in connection with the securitization and sale of the underlying note and/or mortgage in this case. Current counsel requests leave of court and reasonable time to have a securitization audit performed that counsel anticipates will establish that HSBC lacked standing to foreclose on the Plaintiffs' property that is the subject of this action.

[Id.]

Although unclear, to the extent Plaintiffs are attempting to assert that the parties agreed that the mortgage and/or note would not be securitized and Defendant BofA breached this provision, Plaintiffs fail to allege even the basic elements of a breach of contract claim, much less factual allegations to support this claim. See Iqbal, 129 S. Ct. at 1949 (stating that Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause

of action will not do"). The First Amended Complaint fails to
identify: (1) the contract at issue; (2) the parties to the
contract; (3) whether Plaintiffs performed under the contract;
(4) the particular provision of the contract allegedly violated
by BofA; (5) when and how Defendant BofA allegedly breached the
contract; or (6) how Plaintiffs were injured. See Otani v. State
Farm Fire & Cas. Co., 927 F. Supp. 1330, 1335 (D. Hawai'i 1996)
("In breach of contract actions, . . . the complaint must, at
minimum, cite the contractual provision allegedly violated.
Generalized allegations of a contractual breach are not
sufficient.").

        The Court also rejects Plaintiffs' contention that
securitization in general somehow gives rise to a cause of action
– Plaintiffs point to no law or provision in the mortgage
preventing this practice, and cite to no law indicating that
securitization can be the basis of a cause of action.  Indeed,
courts have uniformly rejected the argument that securitization
of a mortgage loan provides the mortgagor a cause of action. See
Joyner v. Bank of Am. Home Loans, No. 2:09-CV-2406-RCJ-RJJ, 2010
WL 2953969, at *2 (D. Nev. July 26, 2010) (rejecting breach of
contract claim based on securitization of loan); Haskins v.
Moynihan, No. CV-10-1000-PHX-GMS, 2010 WL 2691562, at *2 (D.
Ariz. July 6, 2010) (rejecting claims based on securitization
because plaintiffs could point to no law indicating that
securitization of a mortgage is unlawful, and "[p]laintiffs fail
to set forth facts suggesting that Defendants ever indicated that

they would not bundle or sell the note in conjunction with the sale of mortgage-backed securities"); <u>Lariviere v. Bank of N.Y. as Tr.</u>, Civ. No. 9-515-P-S, 2010 WL 2399583, at *4 (D. Me. May 7, 2010) ("Many people in this country are dissatisfied and upset by [the securitization] process, but it does not mean that the [plaintiffs] have stated legally cognizable claims against these defendants in their amended complaint."); <u>Upperman v. Deutsche Bank Nat'l Trust Co.</u>, No. 01:10-cv-149, 2010 WL 1610414, at *3 (E.D. Va. Apr. 16, 2010) (rejecting claims because they are based on an "erroneous legal theory that the securitization of a mortgage loan renders a note and corresponding security interest unenforceable and unsecured"); <u>Silvas v. GMAC Mortg., LLC</u>, No. CV-09-265-PHX-GMS, 2009 WL 4573234, at *5 (D. Ariz. Dec. 1, 2009) (rejecting a claim that a lending institution breached a loan agreement by securitizing and cross-collateralizing a borrower's loan). The overwhelming authority does not support a cause of action based upon improper securitization. Accordingly, the Court concludes that Plaintiffs cannot maintain a claim that "improper restrictions resulting from securitization leaves the note and mortgage unenforceable."

The Court GRANTS in part and denies in part Defendant BofA's Motion as to Count IX. Count IX dismissed without prejudice.


**B.** **<u>Count X</u>**

In Count X ("Wrongful Conversion of Note – Mortgagor Never Consented to Securitization"), Plaintiffs allege that the unilateral conversion of their mortgage to a mortgage-backed security improperly attempts to divide the promissory note from their mortgage. [Id. at ¶¶ 96-102.] As a result, they argue that their mortgage cannot be foreclosed, independent from the promissory note, as a separate interest in the Property. [Id. at ¶¶ 99-100.]

Similar to their claims in Count IX, Plaintiffs' Count X contains conclusory allegations, unsupported by a clear legal theory. Despite using the term "conversion," this claim appears to allege a breach of contract due to modification of the mortgage through securitization. Again, to the extent Plaintiffs' claims sound in contract, as explained above, Plaintiffs fail to assert a breach of contract claim and have otherwise failed to explain how one can assert a viable claim based on the securitization of the mortgage loan. Accordingly, the Court concludes that Plaintiffs cannot maintain a claim based on "wrongful conversion of note."

The Court GRANTS in part and denies in part Defendant BofA's Motion as to Count X. Count X dismissed without prejudice.


## VII. <u>Pleading Defects as to Defendant BofA</u>

The original lender was Countrywide Home Loans, not Defendant BofA. [First Amended Complaint ¶ 13.] The First

Amended Complaint alleges only that BofA is "FKA COUNTRYWIDE HOME LOANS, INC." and that Countrywide is "now known as BOA." [First Amended Complaint ¶¶ 2, 13.] The First Amended Complaint nowhere alleges any other relationship between Countrywide and Defendant BofA. Indeed, other courts have dismissed claims against BofA where BofA was named solely because of allegations that it was the parent company of Countrywide. See, e.g., Jones v. Countrywide Home Loans, Inc., No. 09 C 4313, 2010 WL 551418, at *3 (N.D. Ill. Feb. 11, 2010) ("As a general rule, a parent company and its subsidiary are 'two separate entities and the acts of one cannot be attributed to the other.'" (quoting Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 944 (7th Cir. 2000))); see also Araki v. Bank of Am., Civ. No. 10-00103 JMS/KSC, 2010 WL 5625970, at *5, n.5 (D. Hawai'i Dec. 14, 2010) ("That the mortgagee's address is 'c/o Bank of America fka Countrywide Home Loans, Inc.' does not mean that it is a properly-named Defendant." (emphasis in original)).

Plaintiffs respond that Defendant BofA is "the successor of the origination lender or the alter ego." [Mem. in Opp. at 4.] The First Amended Complaint, however, pleads none of these corporate details. The First Amended Complaint as written fails to state a claim against Defendant BofA. The Court is dismissing certain claims with leave to file a Second Amended Complaint to attempt to cure these and other defects. Should Plaintiffs elect to file an amended complaint against BofA, they

must plead their causes of action against the proper defendants and corporate entities, and under the proper theories, in a Second Amended Complaint.

**CONCLUSION**

On the basis of the foregoing, Defendant BofA's Motion to Dismiss Plaintiff's First Amended Complaint, filed December 13, 2011, is HEREBY GRANTED IN PART AND DENIED IN PART as follows:

1.   Because leave to amend would be futile, Counts I, II, and III are DISMISSED WITH PREJUDICE as to Defendant BofA;

2.   Counts IV, V, VI, VII, IX and X are DISMISSED WITHOUT PREJUDICE.

3.   If Plaintiffs elect to file a Second Amended Complaint, they must plead their causes of action against the proper defendants and corporate entities, and under the proper theories.

The Court ORDERS Plaintiffs to file their Second Amended Complaint by April 20, 2011.  The Court CAUTIONS Plaintiffs that, if they do not file a Second Amended Complaint by April 20, 2011, the Court will dismiss Counts IV, V, VI, VII, IX and X against Defendant BofA with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 23, 2011.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LUCKIE RODENHURST, ET AL. V. BANK OF AMERICA; CIVIL NO. 10-00167 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**