IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LUCKIE L. RODENHURST and ROXANNE CRAIG-RODENHURST,, | ) ) ) | CIVIL NO. 10-00167 LEK-BMK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| BANK OF AMERICA FKA COUNTRYWIDE HOMES LOANS, INC., BAC HOME LOANS SERVICING, LP, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1 through 20 inclusive,, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANTS' BANK OF AMERICA,
HSBC BANK USA, N.A., AND BAC HOME LOANS SERVICING, LP'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Before the Court is Defendants Bank of America,

formerly known as Countrywide Home Loans Inc. ("BOA"), HSBC Bank

USA, N.A. ("HSBC"), and BAC Home Loans Servicing, LP's ("BAC,"

all collectively "Defendants") Motion to Dismiss Plaintiffs'

Second Amended Complaint ("Motion"), filed on May 12, 2011.[1]

---

[1] Plaintiffs also named DB Structured Products, Inc. ("DB")
and ACE Securities Corp. ("ACE") as defendants in their Second
Amended Complaint. As of the date of this order, Plaintiffs have
not served DB or ACE and neither has made an appearance in this
matter. This Motion is not addressed to DB or ACE, and the Court
takes no action with respect to these unserved defendants. The
Court notes that more than 120 days - the time allowed for
service under Fed. R. Civ. P. 4(m) - have passed since the Second
Amended Complaint was filed on April 20, 2011. The Court will
refer to moving defendants BOA, HSBC, and BAC as "Defendants" in
(continued...)

Plaintiffs Luckie L. Rodenhurst and Roxanne Craig-Rodenhurst (collectively "Plaintiffs") filed their memorandum in opposition on August 5, 2011, and Defendants filed their reply on August 15, 2011.  This matter came on for hearing on August 29, 2011.  Appearing on behalf of Defendants were Amanda Jones, Esq., and Patricia McHenry, Esq., and appearing on behalf of Plaintiffs was Robin Horner, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendants' Motion is HEREBY GRANTED for the reasons set forth below.

## **BACKGROUND**

### **I.   Factual and Procedural Background**

This is the second time the parties have been before the Court on a motion to dismiss filed by Defendants.  On February 23, 2011, the Court entered an order granting in part and denying in part Defendant BOA's Motion to Dismiss Plaintiffs' First Amended Complaint, filed December 13, 2011 ("February 23, 2011 Order"), as follows:

1.   Counts I and II (Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") claims), and III (Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") claim) were DISMISSED WITH PREJUDICE;

2.   Counts IV (unfair or deceptive acts or practices ("UDAP")), V (fraud), VI (civil conspiracy), VII (aiding and abetting), IX (improper securitization) and X (conversion) were

---

[1](...continued)
this order.

DISMISSED WITHOUT PREJUDICE.

3.  Plaintiffs were granted leave to file a Second Amended
    Complaint, by April 20, 2011, pleading causes of action
    against the proper defendants and corporate entities, and
    under the proper theories.

[See February 23, 2011 Order at 30.]

Plaintiffs filed their Second Amended Complaint on April 20, 2011. [Dkt. no. 41.] The Second Amended Complaint, like the First Amended Complaint, alleges that Plaintiffs entered into a loan transaction with Countrywide Home Loans, Inc. ("Countrywide") to refinance a loan on their property located at 46-263 Auna Street, Kaneohe, Hawai'i ("Property"). [Second Amended Complaint at ¶¶ 12, 19.] Plaintiffs allege that their loan application information was "changed by the local loan officer and/or INDCAP Independent Capital, Inc. ("Indcap") and/or Mr. Sterling Ing or others from Countrywide," and Plaintiffs' incomes were grossly inflated. [Id. at ¶ 17.] The "local loan officer, together with Indcap, . . . and/or [Countrywide]" placed Plaintiffs in an adjustable rate mortgage, without disclosing this information, or providing Plaintiffs with a completed, signed and dated copy of the loan application. [Id. at ¶¶ 18-19.] Neither the local loan officer, Incap, Mr. Ing, nor Countrywide are named as defendants.

Plaintiffs executed a promissory note dated March 23, 2007, and claim that they signed the loan agreement without an explanation of its terms or an opportunity to review the documents. They also claim that they signed the loan agreement

3

in the absence of a public notary.  [Id. at ¶¶ 21-27.]
Plaintiffs experienced financial distress, and defaulted on the
loans.  Defendants initiated non-judicial foreclosure
proceedings, and the Property was sold at auction to HSBC.  [Id.
at ¶¶ 38-46.]

Plaintiffs allege the following causes of action: (1)
Count I (RESPA violations); (2) Count II (fraudulent
misrepresentation); (3) Count III (breach of fiduciary duty);
(4) Count IV (unjust enrichment); (5) Count V (civil conspiracy);
(6) Count VI (violation of Hawaii Bureau of Conveyance
regulations); (7) Count VII (mistake) ; (8) "Count XII"
(unconscionability); (9) "Count XIII" (UDAP); (10) Count IX
(failure to act in good faith); (11) Count X (breach of
contract"); (12) Count XI (negligent and/or intentional
infliction of emotional distress); (13) a second "Count XII"
(violation of Gramm-Leach-Bliley Act); and (14) a second "Count
XIII" (violation of the State constitutional right of privacy).[2]

## II.  **Motion to Dismiss**

Defendants asks the Court to dismiss all claims against
them with prejudice.  The Motion argues that the Second Amended
Complaint disregards the Court's February 23, 2011 Order and
attempts to prolong this litigation by adding unauthorized and
frivolous claims and continuing to make vague assertions.  Among

---

[2] Plaintiffs' Counts are not numbered sequentially; there
are multiple Counts labeled "Count XII" and "Count XIII," and no
Count VIII.

4

other problems, the Second Amended Complaint:

> (1) Adds several new parties and claims that the Court did not authorize and that Plaintiffs did not seek leave to add, including resurrecting claims that were in the original complaint but were eliminated from the FAC;

> (2) Asserts claims for alleged violations of state and federal provisions even though those provisions do not authorize private causes of action (e.g., Hawaii Bureau of Conveyance regulations (Count VI) and the Gramm-Leach-Bliley Act (Count XII);

> (3) Re-asserts a claim under the Real Estate Settlement Procedures Act that the Court previously dismissed with prejudice;

> (4) Fails to correct the pleading deficiencies for claims that were previously asserted and dismissed because Plaintiffs' allegations were vague and conclusory;

> (5) Fails to correct the improper naming of "Bank of America fka Countrywide Home Loans, Inc." as a defendant even though Plaintiffs were told "Bank of America" is not a legal entity and the Court instructed Plaintiffs that they "must plead their causes of action against the proper defendants and corporate entities."

[Motion at 2-3.]

A.    **"Bank of America"**

Defendants first argue that "Bank of America," as named, is not a legal entity capable of being sued. [Mem. in Supp. of Motion at 5 (citing Duarte v. Bank of America, No. 10-00372, 2011 WL 1399127, at *3 (D. Haw. Apr. 12, 2011) ("'Bank of America' is a trade name, not a legal entity, and therefore cannot be sued.")).] Despite the case law and this Court's instruction, Plaintiffs again name "Bank of America fka Countrywide Home Loans, Inc." as a defendant, and Defendants

5

argue that all claims against this non-existent entity should be dismissed because: (1) it is incapable of being sued; and (2) Plaintiffs had notice and an opportunity to cure this pleading defect, but did not do so. [Id. at 6.] Further, any claims asserted based on alleged wrongs by Countrywide should be dismissed because the Second Amended Complaint fails to allege sufficient facts to support a derivative theory of liability. [Id. at 7.]

**B. Unauthorized Claims**

Defendants next argue that Counts I, III, IV, VI, VII, XII (unconscionability), IX, X, XI, XII (Gramm-Leach-Bliley Act), and XIII (right to privacy) should be dismissed or stricken because the Court's February 23, 2011 Order did not authorize Plaintiffs to file these claims and Plaintiffs have not sought leave to add new claims. In any event, these unauthorized claims fail to state plausible claims. [Id. at 7-8.]

**C. Authorized Claims**

The Court allowed Plaintiffs to amend their claims for fraud, conspiracy, and UDAP, but the Second Amended Complaint fails to cure the earlier deficiencies, according to Defendants. Plaintiffs fail to plead fraud (Count II) and civil conspiracy (Count V) with particularity as required by Fed. R. Civ. P. 9(b), and their UDAP claim (Count XIII) fails to state a claim against Defendants based on Countrywide's alleged conduct. [Id. at 28-31.]

**III. Memorandum in Opposition**

Plaintiffs' memorandum in opposition argues that they properly named Defendants in their Second Amended Complaint. The Notice of Intention to Foreclose Under Power of Sale filed by HSBC listed its address as "C/O Bank of America fka Countrywide Home Loans, Inc." [Mem. in Opp. at 3 (citing Exh. F to Defendants' Motion).] Plaintiffs argue that they should be allowed to bring claims against "Bank of America fka Countrywide Home Loans, Inc." [Id. at 4.]

Plaintiffs assert that their Second Amended Complaint sets forth sufficient factual allegations to survive the Motion, and "identifies many unlawful actions, wrongful acts, omissions, nondisclosures, concealment of material facts, by the Defendants and its employees, agents, transferees, successors, and assigns." [Id.]

Plaintiffs also argue that they should be allowed to conduct discovery and amend their complaint again because of unspecified fraudulent conduct and a conspiracy perpetrated by Defendants. [Id. at 6.] Plaintiffs attach a proposed Third Amended Complaint, but do not otherwise address the arguments made by Defendants in their memorandum in support of the Motion.

**IV.  Reply**

In their reply, Defendants argue that, with the exception of their argument that they have sufficiently pled fraud, Plaintiffs did not dispute any of the legal analysis or argument presented in the Motion in their memorandum in opposition, and have conceded these claims. [Reply at 1.]

## A.    "Bank of America"

That HSBC referred to "Bank of America" by its trade name for purposes of identifying HSBC's address does not transform a trade name into a legal entity capable of being sued. Defendants argue that Plaintiffs have no legitimate excuse for failing to name an appropriate legal entity in light of the Court's previous ruling.  [Id. at 2.]

## B.    Failure to Address Defendants' Arguments

Defendants state that Plaintiffs failed to address the following arguments raised by the Motion:

- Count I (RESPA claim) fails because Plaintiffs did not send their purported qualified written request to the loan servicer, the request did not seek information relating to servicing, and Plaintiffs did not allege damages.  Motion at 42-1 at 9-12.

- Count III (breach of fiduciary duty) fails because lenders do not owe fiduciary duties to borrowers unless a special relationship exists (which was not pled).  Id. at 13-14.

- Count IV (unjust enrichment) fails because the SAC did not allege facts showing Plaintiffs conveyed a benefit upon the Defendants.  Id. at 14-15.

- Count V (violation of Bureau of Conveyance regulations) fails because, among other reasons, a failure to record does not create a cognizable claim.  Id. at 15-19.

- Count XII (unconscionability) fails because unconscionability is not an affirmative claim for relief, but rather is a defense.  Id. at 20-21.

- Count IX (failure to act in good faith) fails because the covenant of good faith and fair dealing is not an independent cause of action. Id. at 21-22.

• Count XII (Gramm-Leach-Bliley Act) fails because there is no private cause of action for alleged violations of the GLBA.  <u>Id.</u> at 25.

• Count XIII (constitutional right to privacy) fails because no state action is involved.  <u>Id.</u> at 26-27.

[<u>Id.</u> at 7-8.]  By failing to address these arguments, Defendants assert that Plaintiffs have abandoned these causes of action, thereby requiring dismissal.  [<u>Id.</u> at 8.]

## C.  <u>Fraud and Conspiracy Claims</u>

Defendants argue the fraud claim must be dismissed because there are no allegations that these Defendants made any representations.  Defendants argue they cannot be liable for fraud merely because they are allegedly assignees.  Moreover, Plaintiffs' fraud allegations do not satisfy Rule 9(b) because they lump all Defendants together.  [<u>Id.</u> at 9-10.]

With respect to the civil conspiracy claim, Plaintiffs allege only the elements of the claim and not specific facts showing that they are entitled to relief.  Further, none of the Defendants was involved with the consummation of Plaintiffs' loan, and, therefore, they cannot have been involved with any conspiracy therein.  Nor is there any underlying alleged fraud in the post-consummation activities, making it impossible to maintain a derivative conspiracy claim.  [<u>Id.</u> at 11-12.]

<u>STANDARDS</u>

## I.  <u>Federal Rule of Civil Procedure 12(b)(6)</u>

Fed. R. Civ. P. 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be

granted[.]"

> Under Rule 12(b)(6), review is generally
> limited to the contents of the complaint.
> <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979,
> 988 (9th Cir. 2001). If matters outside the
> pleadings are considered, the Rule 12(b)(6) motion
> is treated as one for summary judgment. <u>See</u> <u>Keams
> v. Tempe Tech. Inst., Inc.</u>, 110 F.3d 44, 46 (9th
> Cir. 1997); <u>Anderson v. Angelone</u>, 86 F.3d 932, 934
> (9th Cir. 1996). However, courts may "consider
> certain materials-documents attached to the
> complaint, documents incorporated by reference in
> the complaint, or matters of judicial
> notice-without converting the motion to dismiss
> into a motion for summary judgment." <u>United
> States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir.
> 2003).
>
> On a Rule 12(b)(6) motion to dismiss, all
> allegations of material fact are taken as true and
> construed in the light most favorable to the
> nonmoving party. <u>Fed'n of African Am. Contractors
> v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir.
> 1996). To survive a motion to dismiss, a
> complaint must contain sufficient factual matter
> to "state a claim to relief that is plausible on
> its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.
> 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929
> (2007). "A claim has facial plausibility when the
> plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged."
> <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S. Ct. 1937,
> 1949, 173 L. Ed. 2d 868 (2009). "Threadbare
> recitals of the elements of a cause of action,
> supported by mere conclusory statements, do not
> suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 554,
> 127 S. Ct. 1955).

<u>Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc.</u>, 693

F. Supp. 2d 1192, 1195-96 (D. Hawai`i 2010).

This Court, however, notes that the tenet that the

court must accept as true all of the allegations contained in the

complaint – "is inapplicable to legal conclusions." <u>Iqbal</u>, 129

10

S. Ct. at 1949.  Factual allegations that only permit the court
to infer "the mere possibility of misconduct" do not show that
the pleader is entitled to relief.  Id. at 1950.

"Dismissal without leave to amend is improper unless it
is clear that the complaint could not be saved by any amendment."
Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009)
(citation and quotation marks omitted).

## II.  **Federal Rule of Civil Procedure 9(b)**

Fed. R. Civ. P. 9(b) requires that "[i]n alleging fraud
or mistake, a party must state with particularity the
circumstances constituting fraud or mistake."  Rule 9(b) requires
that a party make particularized allegations of the circumstances
constituting fraud.  See Sanford v. MemberWorks, Inc., 625 F.3d
550, 557-58 (9th Cir. 2010).

In order to sufficiently plead a fraud claim, the
plaintiffs "must allege the time, place, and content of the
fraudulent representation; conclusory allegations do not
suffice."  Shroyer v. New Cingular Wireless Servs., Inc., 622
F.3d 1035, 1042 (9th Cir. 2010) (citation omitted).  "Malice,
intent, knowledge, and other conditions of a person's mind may be
alleged generally."  Fed. R. Civ. P. 9(b); see also Odom v.
Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2007) (en banc)
("[T]he state of mind - or scienter - of the defendants may be
alleged generally." (citation omitted)); Walling v. Beverly

Enters., 476 F.2d 393, 397 (9th Cir. 1973) (stating that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is "the functional equivalent of a motion to dismiss under Rule 12(b)(6)[.]" Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding whether a claimant will ultimately prevail but rather whether the claimant is entitled to offer evidence to support the claims asserted. Twombly, 550 U.S. at 563 n.8 (citation omitted).

## DISCUSSION

### I. Pleading Defects as to Defendant "Bank of America"

The Court previously held that the First Amended Complaint failed to state a claim against BOA because the original lender was Countrywide Home Loans, not BOA, where Plaintiffs alleged only that BOA is "FKA COUNTRYWIDE HOME LOANS, INC." and that Countrywide is "now known as BOA." [February 23, 2011 Order at 28 (quoting First Amended Complaint ¶¶ 2, 13).] The Second Amended Complaint, like the First Amended Complaint, nowhere alleges any other relationship between Countrywide and BOA. As the Court noted previously, other courts have dismissed claims against BOA where BOA was named solely because of

allegations that it was the parent company of Countrywide.  See,
e.g., Jones v. Countrywide Home Loans, Inc., No. 09 C 4313, 2010
WL 551418, at *3 (N.D. Ill. Feb. 11, 2010) ("As a general rule, a
parent company and its subsidiary are 'two separate entities and
the acts of one cannot be attributed to the other.'" (quoting
Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express
World Corp., 230 F.3d 934, 944 (7th Cir. 2000))); see also Araki
v. Bank of Am., Civ. No. 10-00103 JMS/KSC, 2010 WL 5625970, at *5
n.5 (D. Hawai'i Dec. 14, 2010) ("That the mortgagee's address is
'c/o Bank of America fka Countrywide Home Loans, Inc.' does not
mean that it is a properly-named Defendant." (emphasis in
original)).  Plaintiffs' Second Amended Complaint makes no effort
to cure the deficiencies noted by the Court with respect to BOA.

        Further, "Bank of America" is a trade name, not a legal
entity that is capable of being sued.  See, e.g., Duarte v. Bank
of Amer., No. 10-00372 JMS/BMK, 2011 WL 1399127, at *3 (D.
Hawai'i Apr. 12, 2011) ("'Bank of America' is a trade name, not a
legal entity, and therefore cannot be sued.").

        The Court therefore DISMISSES the claims against BOA
WITH PREJUDICE.  See Araki, 2010 WL 5625970, at *7 (dismissing
claims against "Bank of America fka Countrywide Home Loans, Inc."
with prejudice due to Plaintiffs' failure to cure pleading
deficiencies).

## II.  Unauthorized Claims in Second Amended Complaint

        The Court's February 23, 2011 Order granted Plaintiffs
leave to file a Second Amended Complaint with specific

instructions on how to cure various deficiencies, but did not grant Plaintiffs leave to file entirely new claims against new parties, or to refile claims that were dismissed with prejudice. Nevertheless, Plaintiffs' Second Amended Complaint restates claims that were dismissed with prejudice, as well as entirely new claims not authorized by the previous order.

Plaintiffs have not sought reconsideration of the Court's February 23, 2011 Order, and have not set forth any existing law or non-frivolous argument for extending, modifying, or reversing law or for establishing new law with respect to their claims. The Court first notes that Plaintiffs provided no authority allowing for the refiling of a claim that has been dismissed with prejudice.[3] Second, to the extent Plaintiffs added new claims without leave of Court, such claims are not permitted and are dismissed. See DeLeon v. Wells Fargo, Bank, N.A., No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken.").

The Court addresses each Count in turn.

_____

[3] Black's Law Dictionary defines "dismissed with prejudice" as "removed from the court's docket in such a way that the plaintiff is foreclosed from filing a suit again on the same claim or claims." Black's Law Dictionary 537 (9th ed. 2009); see also id. at 1740 (defining "with prejudice" as "[w]ith loss of all rights; in a way that finally disposes of a party's claim and bars any future action on that claim").

### A. Count I (RESPA)

First, the Court's February 23, 2011 Order dismissed Plaintiffs' RESPA claim with prejudice. [February 23, 2011 Order at 17-19.] Second, to the extent Plaintiffs allege additional RESPA violations under a different provision, § 2605(e), they fail to state a claim.

Plaintiffs allege that they sent a Qualified Written Request ("QWR") to HSBC and that "Defendants" failed to resolve the issues raised in the QWR within sixty business days. [Second Amended Complaint at ¶¶ 66-67.] Section 2605(e) imposes obligations on loan servicers. 12 U.S.C. § 2605(e)(1)(A) ("If any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days[.]"). HSBC was the owner of the loan and not the servicer. Because the QWR letter was not sent to the servicer, the § 2605(e) obligations were never triggered.

In light of these deficiencies, and Plaintiffs' failure to address the merits of Defendants' Motion, Count I is DISMISSED WITH PREJUDICE.

### B. Count III (Breach of Fiduciary Duty)

Without leave of Court, Plaintiffs added a claim for "breach of fiduciary duty," alleging that Defendants were "fiduciaries" because they provided mortgage loan services and a loan program to Plaintiffs that was not suited for Plaintiffs.

15

[Second Amended Complaint at ¶¶ 79-80.]  Plaintiffs claim they
"placed their trust and confidence" in Defendants.  [Id. at
¶ 80.]

Lenders typically do not owe fiduciary duties to their
borrowers.  Enriquez v. Countrywide Home Loans, FSB, Civil No.
10-00405 LEK-RLP, 2011 WL 3861402, at *21 (D. Hawai'i Aug. 31,
2011) ("Lenders generally owe no fiduciary duties to their
borrowers." (citation omitted)).  The standard "arms-length
business relationship" generally applies unless there is a
special relationship that transforms the lender's role into that
of a fiduciary.  Giles v. GMAC, 494 F.3d 865, 883 (9th Cir.
2007); see also Pension Trust Fund for Operating Eng'rs v.
Federal Ins. Co., 307 F.3d 944, 954 (9th Cir. 2002) (explaining
that "[t]he lender-borrower relationship . . . is normally an
arms-length transaction").  There are no factual allegations
indicating that Plaintiffs had a special relationship with
Defendants that would give rise to a fiduciary duty.

In light of these deficiencies, and Plaintiffs' failure
to address the merits of Defendants' Motion, Count III is
DISMISSED WITH PREJUDICE.

C.  **Count IV (Unjust Enrichment)**

Without leave of Court, Plaintiffs added a claim for
unjust enrichment, alleging that Countrywide had various
obligations to Plaintiffs and that Defendants should not be
permitted to retain the benefits of Countrywide's actions.
[Second Amended Complaint ¶¶ 84-85.]  Plaintiffs fail to allege

that they conferred any benefit on Defendants, and that retention of that benefit would be unjust.  See Wadsworth v. KSL Grant Wailea Resort, Inc., Civ. No. 08-00527 ACK-LEK, 2010 WL 5146521, at * 11 (D. Hawai'i Dec. 10, 2010) (Explaining that "there are two required elements of an unjust enrichment claim.  First, a plaintiff must show that he or she has conferred a benefit upon the defendant and second, that the retention of that benefit was unjust.").

In light of these deficiencies, and Plaintiffs' failure to address the merits of Defendants' Motion, Count IV is DISMISSED WITH PREJUDICE.

### D.    Count VI (Bureau of Conveyances Violations)

Without leave of Court, Plaintiffs added a claim for "Violation of Hawaii Bureau of Conveyances Regulations," alleging that HSBC improperly initiated non-judicial foreclosure proceedings and did not file documents with the Bureau of Conveyances.  [Second Amended Complaint at ¶¶ 86-101.]  Although unclear, to the extent Plaintiffs attempt to allege violations of the Hawai'i Administrative Rules or other statutes governing the Bureau of Conveyances, they fail to state a claim.

The Court first notes that Plaintiffs do not provide any authority for bringing such a claim, but leave it up to the Court to determine the legal source of their claims.  The Court has reviewed the relevant statutes and rules governing the Bureau of Conveyances, and has located no authority requiring recordation here or providing a cause of action for the alleged

17

violations.  See Haw. Rev. Stat. § 502-1 et seq.  A failure to record a conveyance is relevant only with respect to subsequent bona fide purchasers.  See Haw. Rev. Stat. § 502-1 (providing that unrecorded conveyances are "void as against any subsequent purchaser, lessee, or mortgagee, in good faith and for a valuable consideration, not having actual notice of the conveyance of the same real estate, any portion thereof, or interest therein, whose conveyance is first duly recorded").  Further, the Hawai'i Administrative Rules pertaining to the special mortgage recording fee ("SMRF") do not create a cause of action, Haw. Admin. R. §§ 16-178-1 to -5, and the SMRF applies only to recorded mortgages that increase the stated principal amount of the debt.  Id. § 16-178-2.

As Defendants state in their Motion, Plaintiffs are not subsequent bona fide purchasers, and the SMRF regulations are not applicable because Plaintiffs do not allege that any of the transfers of the mortgage increased the stated principal of the loan.

In light of these deficiencies, and Plaintiffs' failure to address the merits of Defendants' Motion, Count VI is DISMISSED WITH PREJUDICE.

### E.  Count VII (Mistake)

Without leave of Court, Plaintiffs added a claim for "mistake," alleging that "the loan transaction was entered into upon mutual mistake," which entitles Plaintiffs to rescission of the note and mortgage and reimbursement of all monies paid.

[Second Amended Complaint at ¶ 104.] Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiffs' claim does not include the time, place, and nature of the alleged mistake, but contains a single conclusory statement that is not entitled to any weight.

In light of these deficiencies, and Plaintiffs' failure to address the merits of Defendants' Motion, Count VII is DISMISSED WITH PREJUDICE.

### F. <u>Count XII (Unconscionability)</u>

Without leave of Court, Plaintiffs added a claim for "unconscionability," alleging that the terms of the notes and mortgages are unconscionable because Plaintiffs did not understand the nature of the transaction or its true terms and Countrywide had superior bargaining power. [Second Amended Complaint at ¶¶ 106-09.]

> "Unconscionability" is generally a defense to the enforcement of a contract, and is not a proper claim for affirmative relief. <u>See, e.g.</u>, <u>Gaitan v. Mortg. Elec. Registration Sys.</u>, 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009) ("Unconscionability may be raised as a defense in a contract claim, or as a legal argument in support of some other claim, but it does not constitute a claim on its own."); <u>Carey v. Lincoln Loan Co.</u>, 125 P.3d 814, 829 (Or. App. 2005) ("[U]nconscionability is not a basis for a separate claim for relief."); <u>see also</u> <u>Barnard v. Home Depot U.S.A., Inc.</u>, 2006 WL 3063430, at *3 n.3 (W.D. Tex. Oct. 27, 2006) (citing numerous cases for the proposition that neither the common law or the UCC allows affirmative relief for unconscionability).

To the extent unconscionability can be addressed affirmatively as part of a different-that is, independent-cause of action, such a claim "is asserted to prevent the enforcement of a contract whose terms are unconscionable." <u>Skaggs v. HSBC Bank USA, N.A.</u>, 2010 WL 5390127, at *3 (D. Haw. Dec. 22, 2010) (emphasis in original). <u>Skaggs</u> dismissed a "claim" for unconscionability because it challenged only conduct such as "obtaining mortgages under false pretenses and by charging Plaintiff inflated and unnecessary charges," and "failing to give Plaintiff required documents in a timely manner," and not any specific contractual term. <u>Id.</u>

<u>Phillips v. Bank of Am.</u>, Civil No. 10-00551 JMS-KSC, 2011 WL 240813, at *12 (D. Hawaiʻi Jan 21, 2011) (footnote omitted). Further,

In <u>Skaggs</u>, this court noted in dicta that "at least one Hawaii court has addressed unconscionability when raised as a claim seeking rescission." 2010 WL 5390127, at *3 n.2 (citing <u>Thompson v. AIG Haw. Ins. Co.</u>, 111 Haw. 413, 142 P.3d 277 (2006)). The court did not mean to suggest that an affirmative claim for "unconscionability" without more is a proper cause of action. Even in <u>Thompson</u>, the operative complaint did not assert a separate count for rescission or unconscionability. <u>See</u> <u>Thompson</u>, 111 Haw. at 417, 142 P.3d at 281 (indicating the specific counts were for negligence, fraud, breach of duty, and unfair and deceptive trade practices under HRS 480-2). In <u>Thompson</u>, the remedy of rescission was based on an independent claim. Similarly, a remedy for an unconscionable contract may be possible; a standalone claim asserting only "unconscionability," however, is improper. <u>See, e.g.</u>, <u>Gaitan v. Mortg. Elec. Registration Sys.</u>, 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009).

<u>Id.</u> at *12 n.9.

In light of these deficiencies, and Plaintiffs' failure to address the merits of Defendants' Motion, Count XII

(unconscionability) is DISMISSED WITH PREJUDICE.

G.  **Count IX (Failure to Act in Good Faith)**

Without leave of Court, Plaintiffs added a claim for "failure to act in good faith," alleging that Countrywide owed Plaintiffs a duty of good faith, but failed to deal with them in good faith and in a fair manner. [Second Amended Complaint at ¶¶ 122-26.] Defendants note that it is not clear whether Plaintiffs are attempting to assert a tort claim for bad faith or are alleging that Defendants violated the implied covenant of good faith and fair dealing. [Mem. in Supp. of Motion at 21.] In any event, the Court finds that Plaintiffs fail to state a claim.

> This district court has characterized similar claims as attempts to allege claims for the tort of bad faith. See, e.g., Phillips, 2011 WL 240813, at *5 (citing Best Place v. Penn Am. Ins. Co., 82 Haw. 120, 128, 920 P.2d 334, 342 (1996) (adopting tort of bad faith for breach of implied covenant of good faith and fair dealing in an insurance contract)).

> "In Best Place, the Hawaii Supreme Court noted that although Hawaii law imposes a duty of good faith and fair dealing in all contracts, whether a breach of this duty will give rise to a bad faith tort cause of action depends on the duties inherent in a particular type of contract." Jou v. Nat'l Interstate Ins. Co. of Haw., 114 Haw. 122, 129, 157 P.3d 561, 568 (Haw. App. 2007) (citing Best Place, 82 Haw. at 129, 920 P.2d at 334). "The court concluded that special characteristics distinguished insurance contracts from other contracts and justified the recognition of a bad faith tort cause of action for the insured in the context of first- and third-party insurance contracts." Id. (citing Best Place, 82 Haw. at 131–32, 920 P.2d at 345–46). Indeed, "the Hawaii Supreme Court emphasized that the tort of bad faith, as adopted in Best Place, requires a

contractual relationship between an insurer and an insured." Id. (citing Simmons v. Puu, 105 Haw. 112, 120, 94 P.3d 667, 675 (2004)).

Moreover, although commercial contracts for "sale of goods" also contain an obligation of good faith in their performance and enforcement, this obligation does not create an independent cause of action. See Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A., 459 F. Supp. 2d 1028, 1037-38 (D. Haw. 2006).

Id. at *5-6 (alterations in original).

Enriquez v. Countrywide Home Loans, FSB, Civil No. 10-00405 LEK-RLP, 2011 WL 3861402, at *23-24 (D. Hawai'i Aug. 31, 2011).

In light of these deficiencies, and Plaintiffs' failure to address the merits of Defendants' Motion, Count IX is DISMISSED WITH PREJUDICE.

## H. **Count X (Breach of Contract)**

Without leave of Court, Plaintiffs added a claim for "breach of contract," alleging that Defendants breached the "mortgage contract" by: a) failing to properly publish and serve notice; 2) failing to properly identify the mortgagee/holder in due course/investor; 3) failing to require no more than ten percent down as payment; 4) allowing a "credit bid", and 5) improperly assessing the fair market value of the Property. [Second Amended Complaint at ¶ 130.] Plaintiffs fail to identify: (1) the contract at issue; (2) the parties to the contract; (3) whether Plaintiffs performed under the contract; (4) the particular provision of the contract allegedly violated; (5) when and how Defendants allegedly breached the contract; or

(6) how Plaintiffs were injured.  See Otani v. State Farm Fire & Cas. Co., 927 F. Supp. 1330, 1335 (D. Hawai'i 1996) ("In breach of contract actions, . . . the complaint must, at minimum, cite the contractual provision allegedly violated.  Generalized allegations of a contractual breach are not sufficient.").

In light of these deficiencies, and Plaintiffs' failure to address the merits of Defendants' Motion, Count X is DISMISSED WITH PREJUDICE.

### I.   Count XI (Negligent and/or Intentional Infliction of Emotional Distress)

Without leave of Court, Plaintiffs added a claim for infliction of emotional distress, alleging that Defendants breached their duties "by causing Plaintiffs to suffer sever physical, mental and emotional stress, resulting in physical and other injuries[.]"  [Second Amended Complaint at ¶ 134.] Plaintiffs' conclusory statements fail to sufficiently alleged negligent and/or intentional infliction of emotional distress ("NIED" and "IIED" respectively).  As this district court has previously ruled with respect to the same formulaic claims brought by Plaintiffs' counsel, Mr. Horner:

> A plaintiff may recover for NIED "where a reasonable [person], normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case."  Doe Parents No. 1 v. State, 58 P.3d 545, 580 (Haw. 2002) (citations and quotations omitted).  An NIED claim "is nothing more than a negligence claim in which the alleged actual injury is wholly psychic and is analyzed utilizing ordinary negligence principles."  Id. (citations and quotations omitted).  To maintain a NIED claim, the Hawaii Supreme Court has held that a

person must allege "some predicate injury either to property or to another person in order himself or herself to recover for negligently inflicted emotional distress." <u>Id.</u> at 580 (citations omitted); <u>see also</u> <u>Kaho'ohanohano v. Dep't of Human Servs.</u>, 178 P.3d 538, 582–83 (Haw. 2008). As such, "an NIED claimant must establish, incident to his or her burden of proving actual injury (i.e., the fourth element of a generic negligence claim), that someone was physically injured by the defendant's conduct, be it the plaintiff himself or herself or someone else." <u>Doe Parents</u>, 58 P.3d at 580–81 (citations omitted).

Here, Plaintiff has not alleged a predicate injury or threat of immediate injury either to herself or to someone else. Rather, Plaintiff supports her NIED claim by providing a formulaic recitation of the elements of the claim, conclusory allegations, and generalized facts, all of which are entitled to no weight on a motion to dismiss. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.

"Under Hawaii law, the elements of IIED are '(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another.'" <u>Enoka v. AIG Haw. Ins. Co.</u>, 128 P.3d 850, 872 (Haw. 2006) (quoting <u>Hac v. Univ. of Haw.</u>, 73 P .3d 46, 60–61 (Haw. 2003)). The Hawaii Supreme Court defines the term outrageous as conduct "'without just cause or excuse and beyond all bounds of decency.'" <u>Enoka</u>, 128 P.3d at 872 (quoting <u>Lee v. Aiu</u>, 936 P.2d 655, 670 n.12 (Haw. 1997)). "Moreover, 'extreme emotional distress' constitutes, inter alia, mental suffering, mental anguish, nervous shock, and other 'highly unpleasant mental reactions.'" <u>Id.</u> (quoting <u>Hac</u>, 73 P.3d at 60).

Plaintiff again fails to allege any specific facts to support an inference that Defendants acted in an intentional or reckless manner or that they engaged in outrageous conduct. Furthermore, Plaintiff's assertion that Defendants caused her to suffer severe mental and emotional distress is a legal conclusion, not entitled to be assumed true when ruling on a motion to dismiss. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949. Plaintiffs' conclusory

allegations are once again insufficient to state a
claim for relief.

Rymal v. Bank of Amer., CV. No. 10-00280 DAE-BMK, 2011 WL
1361441, at *10-11 (D. Hawai'i Apr. 11, 2011).

In light of these deficiencies, and Plaintiffs' failure
to address the merits of Defendants' Motion, Count XI is
DISMISSED WITH PREJUDICE.

### J. **Count XII (Violation of Gramm-Leach-Bliley Act)**

Without leave of Court, Plaintiffs added a claim for
violation of the Gramm-Leach-Bliley Act, by failing to provide
Plaintiffs with privacy notices. [Second Amended Complaint at ¶
139.] At the hearing on the Motion, Plaintiffs' counsel
acknowledged that there is no private cause of action for
violation of this statute.

In light of these deficiencies, and Plaintiffs'
concession that they fail to state a claim, Count XII (Violation
of Gramm-Leach-Bliley Act) is DISMISSED WITH PREJUDICE.

### K.  Count XIII (Violation of the Hawaii Constitutional Right of Privacy)

Without leave of Court, Plaintiffs added a claim for violation of the Hawai'i State Constitution's right of privacy. [Second Amended Complaint at ¶¶ 144-48.]  Plaintiffs, however, do not allege any state action or explain how the private conduct alleged in this case amounts to a redressable constitutional violation.  See, e.g., Leong v. Hilton Hotels Corp., 698 F. Supp. 1496, 1503 (D. Hawai'i 1988) ("the provisions of the Hawaii State Constitution apply only to state action, not private action").

In light of these deficiencies, and Plaintiffs' failure to address the merits of Defendants' Motion, Count XIII (Violation of the Hawaii Constitutional Right of Privacy) is DISMISSED WITH PREJUDICE.

### III.  Previously Asserted Counts Fail to State Claims

The Court previously dismissed without prejudice Plaintiffs' claims for fraud, civil conspiracy, and UDAP for failure to state a claim.  Plaintiffs' realleged claims fail to cure the deficiencies identified in the Court's February 23, 20011 Order and are dismissed with prejudice, as set forth below.

### A.  Count II (Fraudulent Misrepresentation)

In its February 23, 2011 Order, the Court ruled as follows with respect to Plaintiffs' fraud claim:

> Plaintiffs' general averments of alleged fraud fail to identify "the who, what, when, where, and how" of the purported misconduct.  See Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted).  The allegations in the First Amended Complaint merely

restate the basic elements of a fraud claim, and
fail to assert "particularized allegations of the
circumstances constituting fraud" such as the
time, place, and nature of the alleged fraud, and
how each Defendant participated in the fraud.  <u>See
In re GlenFed, Inc.</u>, 42 F.3d at 1547-48.  Indeed,
the First Amended Complaint leaves completely
unanswered precisely what actions each Defendant
took that form the basis of a fraud claim.  <u>See
Moore v. Kayport Package Express, Inc.</u>, 885 F.2d
531, 540 (9th Cir. 1989) (stating that Rule 9(b)
requires a plaintiff to attribute particular
fraudulent statements or acts to individual
defendants).

Further, the First Amended Complaint fails to
allege grounds for derivative liability against
Defendants.  <u>See, e.g., Stoudt v. Alta Fin.
Mortg.</u>, Civ. No. 08-2643, 2009 WL 661924, at *2
(E.D. Pa. Mar. 10, 2009) (stating that fraud
claims are "inappropriate to assert against an
assignee where there are no allegations that the
assignee had any contact with the mortgagor or
made any representations to the mortgagor and the
factual basis for the claims occurred prior to
assignment of the mortgage loan").

[February 23, 2011 Order at 23-24.]

In their Second Amended Complaint, Plaintiffs continue

to lump Defendants together, and again fail to identify the who,

what, when, where and how of the misconduct alleged.  For

example, Plaintiffs allege that "Defendants knowingly and

intentionally concealed material information, including . . . the

material terms of the loan[.]"  [Second Amended Complaint at ¶

70.]  These vague allegations do not satisfy Rule 9(b)'s

particularity requirement.  Further, Plaintiffs again fail to

allege any representations by BOA, HSBC, or BAC.  In light of

these deficiencies, and Plaintiffs' repeated failure to cure the

lack of particularity in their fraud claim, Count II is DISMISSED

WITH PREJUDICE.

**B.    Count V (Conspiracy)**

In their Second Amended Complaint, Plaintiffs allege that "Defendants agreed, between and among themselves, to engage in actions and a course of conduct designed to further an illegal act or accomplish a legal act by unlawful means, and to commit one of (sic) more overt acts in furtherance of the conspiracy to defraud Plaintiffs."  [Id. at ¶ 90.]  As in their First Amended Complaint, Plaintiffs have merely recited the elements of a conspiracy claim, rather than specific facts.  Further, to the extent these claims relate to alleged fraudulent conduct by Defendants, Plaintiffs again fail to plead the circumstances of fraud with the required particularity.  In light of these deficiencies, and Plaintiffs' repeated failure to cure the lack of particularity in their derivative conspiracy claim, Count V is DISMISSED WITH PREJUDICE.

To the extent Plaintiffs seek further discovery in order to support their fraud and conspiracy claims, the Court DENIES such request.  This case was filed on March 23, 2010, and Plaintiffs have filed three complaints.  Plaintiffs' repeated failure to file a complaint that satisfies Rules 8 and 9 does not warrant further opportunities to increase litigation costs and delay in this matter.

**C.    Count XIII (UDAP)**

In dismissing Plaintiffs' previous UDAP claim, the Court explained that, because it was not the originating lender,

28

BOA could not "be liable under Haw. Rev. Stat. § 480-2 for the unfair and deceptive acts and practices that may have occurred during the consummation of the loan." [February 23, 2011 Order at 19-20.] The Court also explained that "[t]o the extent Plaintiffs argue that [BOA] is an assignee, their claims fail nonetheless because § 480-2 liability does not attach merely because one is an assignee." [Id. at 20 (citing cases)]. The Court notes that the same deficiencies are present in the Second Amended Complaint. Plaintiffs again argue that Defendants are liable as "successors and assigns of Countrywide." [Second Amended Complaint at ¶ 116.] In light of these deficiencies, and Plaintiffs' repeated failure to cure their UDAP claim, Count XIII (UDAP) is DISMISSED WITH PREJUDICE.

## IV. <u>Summary</u>

Plaintiffs have amended their claims in this matter twice already. Plaintiffs' most recent amendment seemingly disregarded the Courts' February 23, 2011 Order instructing Plaintiffs how to cure the deficiencies in their claims. At the hearing on the Motion, Plaintiffs' counsel, Mr. Horner, acknowledged that several of the claims should not have been refiled. This Court, and others within this district, have repeatedly admonished Plaintiffs' counsel to adhere to the rules and decisions of court when filing claims.[4] In light of

---

[4] Mr. Horner has been warned and sanctioned by several of the judges in this district for failing to follow rules and Court orders. <u>See, e.g.</u>, <u>Rey v. Countrywide Home Loans, Inc.</u>, Civil

(continued...)

Plaintiffs' repeated failure to follow the Court's directions, and counsel's failure to provide any compelling explanation for such failure, the Court DISMISSES the claims against Defendants WITH PREJUDICE.

## CONCLUSION

On the basis of the foregoing, Defendants Bank of America, formerly known as Countrywide Home Loans Inc., HSBC Bank USA, N.A., and BAC Home Loans Servicing, LP's Motion to Dismiss Plaintiffs' Second Amended Complaint, filed on May 12, 2011, is HEREBY GRANTED.  The claims against Defendants Bank of America, formerly known as Countrywide Home Loans Inc., HSBC Bank USA, N.A., and BAC Home Loans Servicing, LP are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAIʻI, September 30, 2011.

---

4(...continued)
No. 11-00142 JMS/KSC, 2011 WL 4103704 (D. Hawaiʻi Sept. 13, 2011) (sanctioning counsel for filing frivolous claims for unconscionability, failure to act in good faith, negligent and/or intentional infliction of emotional distress, injunctive relief, RESPA (to the extent based on the consummation of the loan), and TILA damages and rescission); Enriquez v. Aurora Loan Servs., LLC, Civ. No. 10-00281 SOM/KSC, 2011 WL 1103808 (D. Hawaiʻi Mar. 22, 2011) (sanctioning counsel for failure to file timely memorandum in opposition).  See also, Cootey v. Countrywide Home Loans, Inc., Civil No. 11-00152 JMS/KSC, 2011 WL 2441707, at *3 (D. Hawaiʻi June 14, 2011) (listing cases that have dismissed a similar complaint brought by Mr. Horner, and warning that "these deficient complaints result in a waste of parties' and this court's resources, and Plaintiffs' counsel must be mindful of his duty to bring claims that are 'warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" (quoting Fed. R. Civ. P. 11(b)(2))).



_/S/ Leslie E. Kobayashi_
Leslie E. Kobayashi
United States District Judge

**LUCKIE L. RODENHURST, ET AL. V. BANK OF AMERICA, ET AL**; CIVIL NO. 10-00167 LEK-BMK; ORDER GRANTING DEFENDANTS' BANK OF AMERICA, HSBC BANK USA, N.A., AND BAC HOME LOANS SERVICING, LP'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT